UNITED STATES of America,
Plaintiff-Appellee,

v.

Anthony AMORIN,
Defendant-Appellant.

No. 85–5156
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 20, 1987.

Frank J. Janda, III, Lenexa, Kan., for defendant-appellant.

Steve Schlessinger, David O. Leiwant, Nancy L. Worthington, Asst. U.S. Attys.,

Sonia Escobio O'Donnell, Deputy Chief, Miami, Fla., for plaintiff-appellee.

Before HILL, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant Antonio Amorin brought this appeal contesting his conviction of possession of cocaine with intent to distribute, 21 U.S.C. § 841 (1982), conspiracy to distribute cocaine, 21 U.S.C. § 846 (1982), and possession of an unregistered firearm. 26 U.S.C. § 5861(d) (1982). In this appeal, defendant asserts that the district court erred on three grounds. We affirm the decision of the district court.

■ First, the defendant claims that the seizure of approximately 62 pounds of cocaine from the trunk of defendant's car constituted a violation of the fourth amendment. The arresting officers had ample probable cause to believe that a green duffle bag which the defendant placed in the vehicle contained a large quantity of cocaine. Hours prior to the seizure, the defendant had shown to a reliable police informant two green duffle bags containing cocaine. The defendant told the informant that the cocaine would soon be transported from his residence to another location for processing. The information provided by the informant to police was corroborated by visual surveillance of the defendant's residence. After a codefendant was observed placing a green duffle bag in his vehicle, the defendant was arrested by police officers as he was about to enter the car. The subsequent search of the vehicle clearly falls within the automobile exception to a warrant requirement. *See, e.g., United States v. Johns,* 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985); *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *United States v. Mazzone,* 782 F.2d 757 (7th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 141, 93 L.Ed.2d 84 (1986).

■ In *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the Supreme Court invalidated an automobile search based upon the lack of exigent circumstances justifying the failure to obtain a warrant. In *Coolidge* a suspect was arrested in his home after a lengthy investigation into a murder. The police suspected that Coolidge's automobile which was parked in his driveway at the time of the arrest contained evidence of the murder. The Supreme Court concluded: "[B]y no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant.'" *Id.* at 462, 91 S.Ct. at 2036 (quoting *Carroll v. United States,* 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925)). Unlike *Coolidge,* exigent circumstances amply justify the search in the case at bar. Police had been unable to obtain a search warrant at the time defendant loaded the car with cocaine. At the time of the arrest, the defendant had walked to the driver's side of the car and was about to embark upon the delivery of the cocaine. Officers wisely chose to conduct an arrest at this moment rather than risk the potential of a high speed chase once the defendant had gotten into the car. Thus, the search of the defendant's car is more closely analogous to a vehicle stop occurring on the open freeway as opposed to the situation in *Coolidge* where police, for a significant period of time, knew that the vehicle had probably been used in the commission of a murder. *See Carlton v. Estelle,* 480 F.2d 759 (5th Cir.) (warrantless search of car outside defendant's residence held constitutional in light of insufficient time to attain warrant), *cert. denied,* 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973); *accord United States v. Cisneros-Mireles,* 739 F.2d 1000 (5th Cir. 1984); *United States v. Gaultney,* 581 F.2d 1137 (5th Cir.1978), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 259 (1980).

■ The second ground upon which the defendant attacks the validity of his conviction concerns the seizure of a silencer and machine gun found in the defendant's resi-

dence. The only issue raised in this appeal is whether these items were in the plain view of officers at the time of the seizure. At the suppression hearing, the defendant contended that these items were sealed in a box in a dresser drawer. The government presented evidence that these items were located in a topless box on top of a dresser and were in open view. The district court chose to believe the evidence presented by the government. Such a factual conclusion is not clearly erroneous. Thus we hold the seizure of the silencer/machine gun to be constitutionally valid.

■ The defendant's third contention is that insufficient evidence existed to sustain a conviction for conspiracy to distribute cocaine. Although appellant's co-defendant was found not guilty of possession of cocaine and not guilty of conspiracy to distribute, the indictment charges appellant with conspiring with "persons unknown to the grand jury." Ample evidence existed showing that appellant received the 62 pounds of cocaine from unnamed co-conspirators. Upon his arrest, the appellant confessed to drug agents that he had obtained the cocaine from Carlos Guaya, whom appellant identified as the Chief of a Colombian drug smuggling ring. Because the jury could reasonably have concluded that appellant conspired with Guaya and other unnamed individuals, we therefore reject appellant's argument that the conspiracy conviction was not supported by sufficient evidence.

For the reasons set forth herein, the decision of the district court is.

AFFIRMED.